FEI YAN (Pro Se)
4338 LAKE LIMESTONE DR.
BATON ROUGE LA 70816

23-126
SECT. J MAG. 4

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| FEI YAN ) | |
| ) | |
| Plaintiffs ) | |
| ) | |
| v. ) | Case No: |
| Peter Haertling, Director, ) | COMPLAINT FOR |
| Asylum Office in New Orleans ) | MANDAMUS |
| ) | |
| Defendants ) | IMMIGRATION CASE |
| ) | |

## COMPLAINT FOR MANDAMUS

### I. INTRODUCTION

This action is brought by Plaintiffs to compel Defendant to schedule the asylum interview. Plaintiffs' asylum applications was filed in June 2020, with the Immigration and Naturalization Service (now known as the United States Citizenship and Immigration Services "USCIS") concerning her asylum application. . Plaintiff has made inquiries and requests for interview. Defendant has failed to arrange the interview.

### II. PARTIES

1. Plaintiffs Fei Yan entered the USA and applied for asylum in June 2020 based on fear of future persecution and currently resides in Louisiana.

2. Defendant is sued in his official capacity as the Director of the Asylum Office in Los Angeles, an agency within the Department of Homeland Security which is charged by law with the duty of scheduling interview for person who applied for asylum.

-1-

### III. JURISDICTION

3. This is a civil action brought pursuant to 28 U.S.C. §§ 1331 and 1361 to redress the deprivation of rights, privileges and immunities secured to Plaintiff, by which jurisdiction is conferred, to compel Defendant to perform duties owned to Plaintiff.

4. Jurisdiction is also conferred by 5 U.S.C. § 704. Plaintiff is aggrieved by adverse agency action in this case, as the Administrative Procedures Act requires in order to confer jurisdiction on the district Courts. 5 U.S.C. § 702, *et seq*.

5. The aid of the Court is invoked under 28 U.S.C. §§ 2201 and 2202, authorizing a declaratory judgment.

6. Costs and attorneys fees will be sought pursuant to the Equal Access to Justice Act, 5 U.S.C. § 504 and 28 U.S.C. 2412(d), *et seq*.

### IV. VENUE

7. Venue is proper in New Orleans, California and the Eastern District of Louisiana since Plaintiff and Defendant reside in this area in eastern Louisiana.

### V. EXHAUSTION OF REMEDIES

8. Plaintiff has exhausted her administrative remedies. Plaintiff has made numerous inquiries concerning the interview to no avail. Plaintiff has no other adequate remedy available for the harm they seek to redress-the failure of Defendant to schedule the interview for her asylum in a timely manner.

### VI. REMEDY SOUGHT

9. Plaintiff seeks to have the Court compel Defendant to promptly schedule interview for his asylum application.

### VII. CAUSE OF ACTION

10. Plaintiff is citizens of P.R.China. He went to the United States and filed asylum application and his application is pending.

11. Plaintiff's applications remained pending without interview until today from the official website of USCIS at http://www.uscis.gov,.

12. Asylum office should arrange interview for asylum applicant in a reasonable time. Plaintiff waited for more than 2 and half years, which is significantly not reasonable time.

13. Plaintiff alleges that Defendant has a non-discretionary duty to complete the processing of asylum seekers in a reasonable time. Despite the fact that Plaintiff's application has been pending for more than 2 and half years, Defendant has failed to complete the processing of the application.

14. Plaintiffs had made inquiries about the interview of his application over the course of 2 and half years. But he did not get any feedback till today.

15. Plaintiffs suspect that no schedule of interview for him at this time and his case is just sitting on a shelf somewhere where it will likely remain for eternity unless this Court orders Defendant to schedule an interview in a reasonable amount of time.

16. The Defendant, in violation of the Administrative Procedures Act, 5 U.S.C.§§ 701 *et seq.*, is unlawfully withholding or unreasonably delaying action on Plaintiff's application and has failed to carry out the adjudicative functions delegated to them by law.

## VIII. PRAYER

17. WHEREFORE, in view of the arguments and authority noted herein, Plaintiff respectfully prays that the Defendant be cited to appear herein and that, upon due consideration, the Court enter an order:

(a) Requiring Defendant to schedule the interview for plaintiff within 30 days.

(b) Awarding Plaintiffs reasonable attorney's consulting fees and costs of court and

(c) Granting such other relief at law and in equity as justice may require.

DATED: January 4, 2023

By: *Fei Yan*

Fei Yan